Dear Ms. Boudreaux:
You recently asked this Office for an Attorney General's Opinion as to the citizens' rights to retain mineral rights under the Road Home Program. Specifically, you have asked whether, if citizens opt to sell their property damaged during the 2005 hurricane season to the Road Home Program, they can still retain their mineral rights in the property.
It is the opinion of this Office that the citizens can retain their mineral rights in said property. We have no reason to believe that the sale of property to the Road Home Program is anything less than a typical property sale to a State agency. Under the Mineral Code, specifically La.R.S. 31:16, landowners may place a mineral servitude upon their property. This servitude is normally subject to a prescriptive period for non-use of ten years. La.R.S. 31:27. The ten-year prescriptive period represents the default situation in mineral law. However, when dealing with land acquired by an "acquiring authority," a mineral servitude expressly reserved by a landowner at the time of sale is imprescriptible. La.R.S. 31:149.
"Acquiring authority" is defined in the Mineral Code as:
 (1) the United States, the state of Louisiana, and a subdivision, department or agency of either the United States or the state of Louisiana;
 (2) any legal entity with authority to expropriate or condemn, except an electric public utility acquiring land without expropriation. An electric public utility acquiring land through expropriation shall be considered as an acquiring authority; and *Page 3 
 (3) a nonprofit entity, recognized under 501(c)(3) and 170 of the Internal Revenue Code as being organized and operated as a public charitable organization, that is certified by the secretary of the Department of Natural Resources to be a state or national land conservation organization.
La.R.S. 31:149(A). Because the Road Home Program is a program operating under a State charter and administered by a State agency (namely, the Office of Community Development within the Division of Administration),[1] it is clear to us that this program qualifies as one being administered by an "acquiring authority" as defined in the Mineral Code.[2] For this reason, it is the opinion of this Office that citizens who are selling their property to the Road Home Program and expressly reserve their mineral rights[3]
obtain a perpetual mineral servitude against the State. For the duration of State ownership of the purchased property, the seller's expressly reserved mineral servitude will not prescribe.
It is also important to note that the burden of a perpetual mineral servitude against the State will not be passed on should the State later divest itself of the subject property. At the time when the State divests itself of the property to a non-acquiring authority, the general rule of ten-year prescription of mineral servitudes automatically begins. La.R.S. 31:27; Crown Zellerbach Corp. v. Heck, 407 So.2d 770 (La.App. 1 Cir. 1981). The clock begins to run on the ten-year prescriptive period once the property is divested from ownership by an "acquiring authority".
In conclusion, we opine that citizens selling property to the Road Home Program may reserve mineral rights in the sale; such reservations are perpetual as long as the property remains in the ownership of an "acquiring authority"; and the general ten-year prescriptive period under La.R.S. 31:27 begins to run when and if the property is divested from "acquiring authority" ownership. *Page 4 
We hope this sufficiently answers your inquiry; however if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:__________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
13-A CORPORATIONS
La.R.S. 12:201, et seq.; 40:600.61, et seq.
The Road Home Corporation was formed legally.
Mr. Daniel A. Rees
Legal Counsel
Division of Administration
Office of Community Development
P.O. Box 94095
Baton Rouge, Louisiana 70804-9095
Dear Mr. Rees:
You requested an Attorney General's opinion regarding the incorporation of the Road Home Corporation ("Corporation"). You indicate that the Corporation is a non-profit corporation authorized by law to be created as a non-profit corporation under the Louisiana Road Home Housing Corporation Act and the provisions of the Louisiana Non-Profit Corporation Law, La.R.S. 12:201, et seq. The Road Home Housing Corporation Act ("RHHCA") was enacted and became effective June 29, 2006 under Act 654 of the 2006 Regular Session, which created Chapter 3-C of Title 40. (As enacted, the RHHCA commence at Section 600.31. The Louisiana State Law Institute has redesignated the RHCCA to commence at Section 600.61, et seq.)
It appears to you that the Louisiana Legislature did not itself create the Road Home Corporation, but has simply authorized its formation for the purposes stated in the RHCCA. You advise that the Louisiana Housing Finance Agency ("LHFA"), under the Louisiana Housing Finance Act, is authorized in La.R.S. 40:600.6 (A)(22) to form nonprofit corporations, including without limitation the Road Home Corporation. You further indicate that the Road Home Corporation was not incorporated by the LHFA, but by a natural person. The Governor of the State of Louisiana has appointed a Board of Directors in accordance with the provisions of the RHHCA. As created, the Road Home Corporation incorporates the terms and mandates of the RHHCA. Its purpose, functions and board appointments are all limited by the provisions of the RHHCA. Based on the foregoing, you question whether the Road Home Corporation has been properly incorporated.
As you indicated, the legislature authorized the formation of the Road Home Corporation in La.R.S. 40:600.63, which states:
 There is hereby authorized the formation and incorporation of a nonprofit corporation, the purpose of which shall be the acquisition, disposition, purchase, renovation, improvement, leasing, or expansion of housing *Page 1 
stock, including but not limited to housing stock as described in The Road Home, for the purposes set forth therein, as such action plan hereafter may be amended, supplemented, or otherwise modified. To the extent that the provisions of this Chapter are inconsistent with the provisions of R.S. 12:202.1 or any other provisions of any general statute or special act or parts thereof, the provisions of this Chapter shall be deemed to be controlling.
While this provision authorized the formation of the Corporation, it doesn't actually create the Corporation. Neither this statute nor any other statute enacted in the RHHCA mandates that any particular person or entity form the Corporation. We also note that the provisions of the RHHCA place no restrictions on who may form the Corporation.
You are correct that La.R.S. 40:600.6[1] authorizes the LHFA to form the Corporation. However, it doesn't mandate that the Corporation be formed by the LHFA, and doesn't grant the LHFA the exclusive right or authority to form the Corporation. While the LHFA certainly could have formed the Corporation, there is no provision of law which required that the LHFA do so. Once the Corporation was formed, there is no legal requirement that the LHFA ratify its formation or have any other responsibilities with respect to the Corporation.
There is no restriction on who may form the Corporation, and there is no mandate that any particular person or entity shall form the Corporation. Therefore, the Corporation may be formed by any person or entity with the power to form a non-profit corporation under the law. La.R.S. 12:202 provides that "One or more natural or artificial persons capable of contracting may form a nonprofit corporation under this Chapter." As you have indicated, the Corporation was formed by a natural person, as evidenced by the Articles of Incorporation of the Road Home Corporation, and the charter issued by the Louisiana Secretary of State, copies of which are attached hereto. It is the opinion of our office that the Corporation was incorporated by a person with the legal authority to do so pursuant to La.R.S. 12:202. As such, the Road Home Corporation was properly incorporated. There is no need for the LHFA to take any action with respect to the formation of the Corporation. We also note that, now that the Corporation has been *Page 2 
formed, no other entity may be incorporated with the corporate name "Road Home Corporation".
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________ KENNETH L. ROCHE, III Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] See, La. Atty. Gen. Op. No. 07-0007; Act 654 of the 2006 Regular Louisiana Legislative Session.
[2] The Mineral Code is also found at Title 31 of the Revised Statutes.
[3] It is important to note that such reservations must be expressly made to have any effect. Inversiones Del Angel, S.A. v. Callon PetroleumCo., 883 F.2d 29 (C.A. 5 1989).
[1] R.S. 40:600(A)(22) provides:
A. The agency shall have the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Chapter, including the following powers in addition to all other powers granted by other provisions of this Chapter:
(22) Notwithstanding anything stated in this Chapter or in any other law to the contrary, particularly R.S. 12:202.1, to create or cause to be created such nonprofit corporations as may be necessary or expedient to participate in housing programs of the federal government or its agencies and instrumentalities, including the creation of a nonprofit corporation to address the needs of the Road Home Program, as more specifically described in R.S. 40:600.61, et seq.